[Cite as *State v. Wilson*, 2013-Ohio-180.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO
        Plaintiff-Appellee

v.

ANTHONY WILSON
        Defendant-Appellant

:
:     Appellate Case No. 23129
:
:     Trial Court Case No. 2007-CR-2134
:
:
:     (Criminal Appeal from
:      Common Pleas Court)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of January, 2013.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ANTHONY WILSON, #567-649, London Correctional Institution, 1580 State Route 56 SW, Post Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Anthony L. Wilson appeals from the overruling of his

petition for post-conviction relief, without a hearing. Many of the claims for relief from his conviction that Wilson makes in this appeal were not raised in the trial court. The claims Wilson made in the trial court either could have been raised in his direct appeal from his conviction, or were not supported by allegations of fact. Accordingly, the trial court's order overruling Wilson's petition for post-conviction relief is Affirmed.

## I. Wilson Is Convicted of Felonious Assault, with a Firearm Specification

{¶ 2} In 2007, Wilson was tried on two counts of complicity to commit Felonious Assault, with a firearm specification. Wilson was alleged to have provided a firearm to his co-defendant, Timmesha Manson, who shot the victim. According to Wilson, Manson pled guilty to one count of Felonious Assault, without a firearm specification, and was sentenced accordingly. According to Wilson, Manson declined to testify at Wilson's jury trial, invoking her Fifth Amendment privilege against self-incrimination.

{¶ 3} Wilson was convicted of both counts, including both specifications. The counts and specifications were merged for sentencing purposes, and Wilson was sentenced to four years for Felonious Assault and three years for the firearm specification, to be served consecutively, for a total of seven years.

{¶ 4} Wilson appealed. We affirmed. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525 (*Wilson I*). Additional facts are set forth in that opinion.

{¶ 5} Wilson sought to re-open his appeal, under App.R. 26(B), setting forth fifteen proposed assignments of error. By entry filed in Montgomery App. No. 22581 on July 27, 2009, we denied his application to re-open his direct appeal.

## II.   Wilson Moves for a New Trial

**{¶ 6}**   In 2010, Wilson moved for a new trial, based upon a claim of newly discovered evidence.   When the trial court overruled that motion, and two other motions, Wilson appealed.   We consolidated all three appeals, and affirmed.   *State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, and 24501, 2012-Ohio-1660 (*Wilson II*).

## III.   Wilson's Petition for Post-Conviction Relief

**{¶ 7}**   Wilson's petition for post-conviction relief, with which this appeal is concerned, was filed in 2008, while his direct appeal was pending.   His first claim for relief in his petition was the violation of his rights under Article I, Sections 2, 10, 10a, 14, and 18, of the Ohio Constitution.   As facts supporting this claim, Wilson cited: "The misconduct of City Officials, State Officials and Counsel."

**{¶ 8}**   The second claim for relief in Wilson's petition was the violation of his rights under the Fourth, Fifth, Sixth, Eleventh,[1] Fourteenth and Fifteenth Amendments to the United States Constitution.   As facts supporting this claim, Wilson cited: "Misstating, maipulating (sic) of witnesses and evidence by Counsel and Prosecutor's (sic) and other city, County, and State Officials."   No other facts were cited in Wilson's petition to support either claim.

**{¶ 9}**   Subsequently, Wilson filed a memorandum in support of his petition.   In it, he raised additional arguments, which will be discussed later in this opinion.

---

[1]The Eleventh Amendment to the United States Constitution limits the jurisdiction of the federal courts by excluding suits in which a state and citizens of another state or foreign country are adverse parties.    It obviously has no application to Wilson.

{¶ 10} The trial court, without a hearing, overruled Wilson's petition for post-conviction relief, in an entry filed November 12, 2008. In the same entry, the trial court overruled Wilson's motions for the appointment of counsel, for an oral hearing, and for expert assistance.

{¶ 11} Wilson timely appealed from the trial court's order overruling his petition for post-conviction relief. Numerous procedural motions and motions for extension of time to file Wilson's brief resulted in Wilson's original brief being filed herein in June 2012, one supplemental brief in July 2012, and another supplemental brief in October 2012. The State filed its answer brief at the end of October, and Wilson filed a reply brief November 21, 2012.

## IV. Many of Wilson's Assignments of Error Were Not Raised in the Trial Court; Therefore, They Cannot Be Considered on Appeal

{¶ 12} Wilson's First Assignment of Error is as follows:

TRIAL COURT ERRED IN NOT CONDUCTING A [SIC] EVIDENTIARY HEARING WHERE APPELLANT WAS DEPRIVED FROM UTILIZING CONSTITUTIONAL PROVISIONS OF DUR [sic] PROCESS WHICH THE DOCTRINE OF *RES JUDICATA* DOES NOT APPLY DUE TO APPELLANT BEING UNDER A INVALID JUDGMENT ENTRY/ORDER IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF LAW, EQUEAL [sic] PROTECTION OF LAW, CONFRONTATION OF THE STATES EVIDENCE, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT U.S. CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE 1 §§ 1, 2, 5, 9, 10, 16, 20.

{¶ 13} As with most of Wilson's arguments, his argument in support of this assignment of error is barely comprehensible. He seems to be arguing that because his co-defendant, Manson, was convicted of one count of Felonious Assault, with the other count having been dismissed, he could not be convicted of either of the counts of which he was convicted. Also, he argues that the trial court, in entering his original conviction, did not specify under which count of Felonious Assault he was being sentenced. Finally, he argues that the judgment entry of conviction lacked the signatures of counsel, and contained an error pertaining to post-release control, which the trial court improperly fixed with a nunc pro tunc entry while Wilson's original, direct appeal was pending.

{¶ 14} None of these issues were raised in Wilson's petition for post-conviction relief.[2] All of them could have been raised in Wilson's direct appeal from his conviction, and are therefore inappropriate for post-conviction relief. *State v. Call*, 2d Dist. Montgomery No. 15280, 1996 WL 27830 (Jan. 24, 1996). Accordingly, Wilson's First Assignment of Error is overruled.

{¶ 15} Wilson's Second Assignment of Error is as follows:

TRIAL COURT VIOLATED DUE PROCESS RIGHTS UNDER UNITED STATES CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20 FOR NOT CONDUCTING A COMPETENCY EVALUATION AND EVIDENTIARY HEARING.

{¶ 16} Here, Wilson argues that the trial court, before his trial and conviction, should have held a competency hearing, since he had raised the issue of his competency to stand trial.

---

[2] The trial court, in considering Wilson's petition for post-conviction relief, generously considered his memorandum in support of that petition as a supplement to the petition, raising additional claims for relief. So shall we.

This issue could have been raised in his direct appeal. It was also not raised in the trial court in support of Wilson's petition for post-conviction relief. Accordingly, Wilson's Second Assignment of Error is overruled.

{¶ 17} Wilson's Sixth Assignment of Error is as follows:

THE TRIAL COURT VIOLATED DUE PROCESS CLAUSE BY ADMITTING INTO EVIDENCE THE TESTIMONY OF SECURITY GUARD JASON MORRIS, DETECTIVE DEBORDE AND OFFICER THORNTON REGARDING THE ERASED SURVEILLANCE VIDEOS IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF LAW, EQUEAL [sic] PROTECTION OF LAW, CONFRONTATION OF THE STATES [sic] EVIDENCE, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT U.S. CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20.

{¶ 18} Here, Wilson argues that the trial court, during his original trial, erred by permitting testimony concerning the contents of a video recording of the assault, by a surveillance video camera, despite the fact that the State had neither produced the video recording, nor presented any reasonable explanation for its absence. Wilson argues that: "The materiality of the videotape in this case became obvious in law enforcement reports and at the preliminary hearing."

{¶ 19} This issue could have been raised in Wilson's direct appeal. And this issue was not raised in support of Wilson's petition for post-conviction relief. Accordingly, Wilson's Sixth Assignment of Error is overruled.

{¶ 20} Wilson's Ninth Assignment of Error is as follows:

TRIAL COURT VIOLATED DUE PROCESS CLAUSE WHEN IT ORDERED THAT ALL PERSONS OTHER THAN THE JURY ARRAY LEAVE THE COURT ROOM WHILE JURY SELECTION BE CONDUCTED WITHOUT ALLOWING THE PUBLIC ACCESS TO THE PROCEEDING IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF LAW, AND EQUEAL [sic] PROTECTION OF LAW PURSUANT TO U.S. CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20.

{¶ 21} This issue, also, could have been raised in Wilson's direct appeal. It was not raised in the trial court in support of his petition for post-conviction relief. Accordingly, Wilson's Ninth Assignment of Error is overruled.

{¶ 22} Wilson's Tenth Assignment of Error is as follows:

TRIAL COURT VIOLATED DUE PROCESS RIGHTS BY CONDUCTING A HEARING WITHOUT DOCUMENTARY EVIDENCE TO SUPPORT THE RESTITUTION ORDER IN VIOLATION OF UNITED STATES CONSTITUTION AMEND. V, VI, VIII AND XIV; OHIO CONST. ART. I §§1, 2, 5, 9, 10, 16, 20.

{¶ 23} Here, Wilson contends that the trial court, at his original trial, entered a restitution order without sufficient evidence to support it. Again, this issue could have been raised in Wilson's direct appeal. And this issue was not raised in the trial court in support of his petition for post-conviction relief. Accordingly, Wilson's Tenth Assignment of Error is overruled.

**{¶ 24}** Wilson's Eleventh Assignment of Error is as follows:

THE TRIAL COURT ERRED BY IMPOSING A HARSHER SENTENCE UPON APPELLANT THAT IS DISPROPORTIONATE, THEN [sic] HIS CO-DEFENDANT, VIOLATING DUE PROCESS RIGHTS UNDER UNITED STATES CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20.

**{¶ 25}** This issue could have been raised in Wilson's direct appeal. It was not raised in support of his petition for post-conviction relief. Accordingly, Wilson's Eleventh Assignment of Error is overruled.

**{¶ 26}** Wilson's Twelfth Assignment of Error is as follows:

THE TRIAL COURT'S SENTENCE WAS EXCESSIVE AND VIOLATED DUE PROCESS RIGHTS UNDER UNITED STATES CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20.

**{¶ 27}** Wilson's argument that his seven-year sentence is excessive and contrary to law could have been raised in his direct appeal. It was not raised in the trial court in support of his petition for post-conviction relief. Accordingly, Wilson's Twelfth Assignment of Error is overruled.

**{¶ 28}** Wilson's Thirteenth Assignment of Error is as follows:

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST MR. WILSON WITHOUT COMPLYING WITH R.C. 2947.23(A), VIOLATING DUE PROCESS UNDER UNITED STATES

CONSTITUTION AMENDMENTS V, VI, VIII AND OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20.

**{¶ 29}** Here, Wilson asserts plain error by the trial court at his original trial. If he is correct that the error in the assessment of court costs constituted plain error, then he would not have had to have preserved this error in the trial court to have raised it, for the first time, in his direct appeal. He could have raised this issue in his direct appeal, but did not. He did not raise this issue in the trial court in support of his petition for post-conviction relief. Accordingly, Wilson's Thirteenth Assignment of Error is overruled.

**{¶ 30}** Wilson's Fourteenth Assignment of Error is as follows:

TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL BY ALLOWING THE PROBATION DEPARTMENT AND PROSECUTOR TO DICTATE WHICH CLOTHING APPELLANT WAS TO WEAR AT TRIAL; AND, REFUSING TO PERMIT APPELLANT THE CONSTITUTIONAL RIGHT OF WEARING CLOTHING FURNISHED, WHICH WOULD NOT INFER THAT THE APPELLANT WAS IN CUSTODY OF THE MONTGOMERY COUNTY SHERIFF'S OFFICE. THE FAILURE OF COUNSEL TO PROCEED TOWARD AGGRESSIVELY ARGUING A VIOLATION OF CONSTITUTIONAL PROTECTIONS; [sic] GIVES RISE TO A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL; DUE PROCESS OF LAW; EQUAL PROTECTION OF LAW; AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT U.S. CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§10, 16.

{¶ 31}  Wilson argues that although he was given civilian clothing to wear at his trial, he was only provided with one set of clothing to wear during his five-day trial, which would have made it obvious to the jury that he was in custody.   It is not clear whether this fact would have been apparent from the record of his original trial; therefore, he may not have been able to have raised this issue in his direct appeal.   But he did not raise this issue in the trial court in support of his petition for post-conviction relief.   Therefore, the trial court did not err by failing to consider it.   Wilson's Fourteenth Assignment of Error is overruled.

## V.   Wilson's Petition Sets Forth No Substantial Claims Requiring a Hearing

{¶ 32}  There remain four assignments of error raising issues that were raised, and were considered, in the trial court in connection with Wilson's petition for post-conviction relief, and one assignment of error setting forth a claim of procedural error by the trial court during the post-trial proceedings themselves.   The latter assignment of error is Wilson's Third Assignment of Error:

> TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ALLOWED PROSECUTORS FAILED [sic] TO PROVIDE SERVICE IN RESPONDING TO THE POST-CONVICTION [sic] PETITION AND PROSECUTORS [sic] FAILURE TO HAVE THE ISSUES MADE UP PURSUANT TO O.R.C. §2953.21(d), AND FAILURE TO CONDUCT AN EVIDENTIARY HEARING VIOLATING DUE PROCESS RIGHTS UNDER UNITED STATES CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONST. ARTICLE 1 §§1, 2, 5, 9, 10, 16, 20.

{¶ 33}  Here, Wilson argues that the State moved for summary judgment without having "made up the issues" by first filing a pleading responsive to Wilson's petition.

Wilson also argues that the State did not serve him with a copy of its filings, which included the State's motion for summary judgment and its subsequent response to Wilson's memorandum in support of his petition.

{¶ 34}   That Wilson was at least aware that the State had moved for summary judgment is apparent from the fact that he referred to it in a request for an oral hearing on his petition.   In that request, he raised, in the trial court, the issue of the State's failure to have served him.

{¶ 35}   It is unclear from the record whether the State served Wilson with copies of its motion for summary judgment and its response to Wilson's memorandum in support of his petition.   Assuming, for purposes of analysis, that the State failed to serve Wilson with copies of these documents, we conclude that its failure to do so did not prejudice Wilson under the particular circumstances of this case.

{¶ 36}   In its decision denying Wilson's petition for post-conviction relief, in which it analyzed each claim that Wilson had made, the trial court correctly noted that although the State may use a motion for summary judgment as a vehicle to urge the trial court to dismiss a petition for post-conviction relief, unlike in other civil summary judgment proceedings, the burden remains upon the defendant to establish that there are substantive grounds for relief. If the defendant fails to establish, through affidavits and other supporting evidentiary material, that there are substantive grounds for relief, a hearing on the petition is not required.   " * * * the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of [the case]."   *State v. Jackson*, 64 Ohio St.2d 107, 110,   413 N.E.2d 819 (1980).

{¶ 37} Therefore, regardless of the fact that the State had moved for summary judgment, the trial court was not obliged to hold an evidentiary hearing on Wilson's petition unless he met his burden of establishing that there were substantive grounds to support the petition. After careful consideration of Wilson's grounds, the trial court concluded that he had failed to meet his burden. Thus, any arguments set forth in the State's filings were immaterial – Wilson had failed in his threshold duty to establish substantive grounds for his petition, and the trial court could have dismissed his petition sua sponte.

{¶ 38} The State did argue, in its filing subsequent to its motion for summary judgment, that the grounds set forth in Wilson's memorandum in support should not be considered, because they were not included in his petition. Assuming that this argument was not made known to Wilson, because this document was not served upon him, he was not prejudiced. The trial court considered, and rejected, each of the grounds for relief set forth in his memorandum, despite the State's argument that it should not do so.

{¶ 39} Wilson's Third Assignment of Error is overruled as harmless.

{¶ 40} The issues set forth in Wilson's remaining assignments of error were all raised in the trial court, and properly rejected by the trial court.

{¶ 41} Wilson's Fourth and Fifth Assignments of Error are as follows:

CITY, COUNTY AND STATE OFFICIALS SELECTIVELY AND VINDICTIVELY PROSECUTED APPELLANT FOR ALLEGED PARTICIPATION IN THE INCIDENT IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF LAW, EQUEAL [sic] PROTECTION OF LAW, CONFRONTATION OF THE STATES [sic] EVIDENCE, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT U.S. CONSTITUTION

AMENDMENTS V, VI, VIII AND XIV; OHIO CONST. ART. I §§ 1, 2, 5, 9, 10, 16, 20.

THE MISCONDUCT OF PROSECUTORS MANIPULATING, MISSTATING, AND WITHHOLDING OF EVIDENCE DURING THE DISCOVERY PROCESS WAS NOT HARMLESS ERROR AND SO INFECTED THE TRIAL WITH UNFAIRNESS AS TO MAKE THE APPELLANT' [sic] CONVICTION A DENIAL OF DUE PROCESS AND FAIR TRIAL, NO ACTION BY THE JUDGE COULD HAVE REMOVED THE EFFECT OF THE PROSECUTORS [sic] PERSISTENT AND CUMULATIVE MISCONDUCT FROM ESSES [sic] ALTERNATIVE SUSPECTS, OBTAIN EXCULPATORY DISCOVERY, AND FAILURE TO PROVIDE DEFENSE [sic] WHICH CUMULATIVE EFFECT THE ACTIONS AND OMISSIONS OF COUNSEL IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL DUE PROCES [sic] JURORS THEREBY DENYING APPELLANT CONSTITUTIONAL RIGHTS OF A FAIR TRIAL IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF LAW, EQUEAL [sic] PROTECTION OF LAW, CONFRONTATION OF THE STATES [sic] EVIDENCE, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT TO U.S. CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONST. ART. I §§1, 2, 5, 9, 10, 16, 20.

{¶ 42} Concerning these issues, the trial court reasoned:

In his petition, Defendant/Petitioner essentially raises for the court's

consideration the argument that numerous constitutional violations occurred as a result of "city officials, state officials, and counsel," and "misstating, manipulating of witnesses and evidence by Counsel and Prosecutor's, and other city, county and state officials." A review of Petitioner's Petition makes clear that he has not suggested any facts to support the alleged Constitutional violations. The Petitioner has not attached an affidavit or any other supporting materials to his Petition. The allegations in his Petition are devoid of any specificity, and do not state the nature of the alleged misconduct by counsel or any other government officials. Further, the Petition does not suggest anything other than bald accusations relating to his claim regarding the manipulation of witnesses or misstatements by a witness.

{¶ 43} We find no flaw in the trial court's reasoning. We have examined Wilson's petition and other filings in support of his petition, and we find no facts alleged therein that would constitute misconduct, misstatements, or manipulation of witnesses and evidence by government officials or counsel.

{¶ 44} As the trial court noted, broad conclusory statements, unsupported by evidentiary documents containing sufficient operative facts, are insufficient to warrant a hearing on a petition for post-conviction relief. *State v. Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981).

{¶ 45} Wilson's Fourth and Fifth Assignments of Error are overruled.

{¶ 46} Wilson's Seventh Assignment of Error is as follows:

APPELLANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW WHEN COUNSEL FAILED TO INVESTIGATE MATERIAL WITNESSES,

ALTERNATE SUSPECTS, OBTAIN EXCULPATORY DISCOVERY, AND FAILURE TO PROVIDE DEFENSE WHICH CUMULATIVE EFFECT THE ACTS AND OMISSIONS OF COUNSEL IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCES [sic] JURORS THEREBY DENYING APPELLANT CONSTITUTIONAL RIGHTS OF A FAIR TRIAL IN VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS OF LAW, EQUEAL [sic] PROTECTION OF LAW, CONFRONTATION OF THE STATES [sic] EVIDENCE, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT U.S. CONSTITUTION AMENDMENTS V, VI, VIII AND XIV; OHIO CONSTITUTION ARTICLE I §§1, 2, 5, 9, 10, 16, 20.

**{¶ 47}** Concerning Wilson's claim of ineffective assistance of trial counsel, the trial court reasoned as follows:

In his Memorandum, Petitioner argues that his counsel was ineffective for "(n)ot filling (sic) of motion[s] and the whole defense itself." The court notes that Petitioner's defense at trial was, essentially, that he was not complicit in the offense and he raised the defense of self defense and defense of other, although, given the evidence, the court did not instruct the jury on the defenses alleged by Petitioner/Defendant. The aforementioned matters are within the trial record and, thus, any claim of ineffective assistance of counsel as to matters contained within the record have been rendered *res judicata* and are more properly the subject of [direct] appeal [from Wilson's conviction].

**{¶ 48}** We agree with the trial court's conclusion, and only add the following. In

Wilson's petition for post-conviction relief, he did not raise the issue of ineffective assistance of trial counsel. In his memorandum in support of his petition, he discussed the law pertaining to ineffective assistance of trial counsel, but did not allege that his trial counsel was ineffective. Elsewhere in his memorandum, he argued that his trial counsel had a conflict of interest due to his trial counsel having been hired by Manson, his co-defendant, to represent him. Manson was represented by separate counsel. Although Wilson does not make the conflict-of-interest argument in this appeal, the trial court considered it, and correctly concluded that: "There is absolutely no evidence, whether by affidavit or otherwise, to support Petitioner's claim that [his trial counsel] had some conflict of interest in his representation."

{¶ 49} Wilson's Seventh Assignment of Error is overruled.

{¶ 50} Wilson's only remaining assignment of error, his Eighth Assignment of Error, is as follows:

TRIAL COURT DISREGARDED APPELLANT'S CONSTITUTIONAL RIGHTS BY NOT ALLOWING AN IMPARTIAL JURY OF HIS PEERS AND PERMITTED JURY MISCONDUCT WHICH RESULTED IN AN UNFAIR TRIAL AND DUE PROCESS VIOLATION, EQUEAL [sic] PROTECTION OF LAW, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT PURSUANT TO U.S. CONST. AMEND. V, VI, VIII AND XIV; OHIO CONST. ART. I §§1, 2, 5, 9, 10, 16, 20.

{¶ 51} Concerning the issue raised in this assignment of error, the trial court reasoned as follows:

Petitioner also appears, in his Memorandum, to allege jury misconduct.

However, he does not state the substance or factual predicate to his argument. As such, the court is left to speculate on the nature of his allegations. Since Petitioner has failed to state the basis for his allegation of jury misconduct, the court finds that he has failed to support his allegations and, thus, he has failed to state a basis for post-conviction relief based upon juror misconduct.

{¶ 52} Again, we find no flaw in the trial court's reasoning. Juror misconduct was not alleged in Wilson's petition for post-conviction relief. In his memorandum in support of his petition, he discussed the law applicable to juror misconduct, but did not allege that any juror misconduct occurred at his trial.

{¶ 53} Wilson's Eighth Assignment of Error is overruled.

## VI. Conclusion

{¶ 54} All of Wilson's assignments of error having been overruled, the order of the trial court denying his petition for post-conviction relief, from which this appeal is taken, is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Anthony L. Wilson
Hon. Mary K. Huffman