[Cite as *State v. Isa*, **2014-Ohio-139.**]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2013 CA 20 |
| v. | : | T.C. NO.   07CR207 |
| ABRAHAM ISA | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____17th____ day of ____January____, 2014.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
         Attorney for Plaintiff-Appellee

ABRAHAM ISA, #566-878, Chillicothe Correctional Institute, P. O. Box 55, Chillicothe, Ohio 45601
         Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the pro se Notice of Appeal of Abraham Isa, ("Isa") filed April 25, 2013.  Isa appeals from the April 2, 2013 denial of his pro se "Motion for Leave to File a Delayed Motion for New Trial and Defendant's Motion for New

Trial Instanter" ("Motion for Leave").   We hereby affirm the judgment of the trial court.

**{¶ 2}**   Isa was convicted on thirteen counts of gross sexual imposition and two counts of rape.   He received an aggregate sentence of 24 years, six months.   Isa's victims were five young women, two of whom were minors.   They were employed by Isa at a Sunoco Subway shop and at the St. Paris Grill in St. Paris, Ohio.    Isa's conviction was affirmed on direct appeal.    *State v. Isa,* 2d Dist. Champaign No. 07-CA-37, 2008-Ohio-5906. As this Court noted in Isa's direct appeal, each "of the alleged victims testified at trial.   They all testified that Isa inappropriately touched their breasts and their buttocks and put his hands down their pants.   Two of the victims testified that Isa placed his finger in their vaginas.   Some of them testified that Isa exposed his penis and forced them to touch his penis."   *Id.*, ¶ 5.

**{¶ 3}**   We note that this Court also affirmed the denial of two pro se post-conviction motions to correct Isa's sentence, one of which alleged that the sentence was void due to a post-release control defect and the other of which alleged that the sentence was improperly computed. *State v. Isa*, 2d Dist. Champaign Nos. 10-CA-1, 10–CA-2, 2010-Ohio-3770.   This Court also affirmed the denial of Isa's pro se "Motion to Vacate Sentence [as] Contrary to Law," in which he asserted ineffective assistance of defense counsel, in part for allegedly advising him to reject a favorable plea bargain; the trial court treated the motion as a petition for post-conviction relief.   *State v. Isa,* 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382.

**{¶ 4}**   Isa filed his Motion for Leave on March 13, 2013, based upon "truly newly discovered evidence received recently * * * that he was unavoidably prevented from

discovering until now and not disclosed during his criminal trial, which supports that Mr. Isa should be discharged from his convictions and afforded a [n]ew [t]rial." Attached to the motion are the affidavits of Isa and Sylvia Isa, which contain nearly identical language. Both affidavits assert that defense counsel's representation at trial was deficient. Both affidavits assert that Isa and Sylvia Isa, as well as "Ace Investigations, A Full Service Investigative Agency," investigated the matter and now conclude that Isa's two sons, Munder and Knadall "actually committed these crimes or caused the accusers to testify against him." The affidavits assert that Munder "was working undercover for the FBI" in order to "get Abraham Isa convicted and sent away" for divorcing Munder's mother. The affidavits assert that Munder and Knadall are missing, and that Munder "took Abraham Isa's car and Thirteen Thousand Dollars" from Sylvia Isa. Isa's affidavit asserts that he is innocent, and that the evidence adduced against him at trial was false. The affidavits assert that there was "no physical evidence, no DNA evidence or other empir[i]cal evidence" in this case.

{¶ 5}  In overruling Isa's Motion for Leave, the trial court determined as follows:

The court finds that Defendant has not shown, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence. According to his affidavit, Jennifer Switzer was the first prospective witness to raise the possibility that Munder Isa committed the crimes during an interview conducted on March 29, 2009, nearly four years prior to the filing of this motion. Defendant offers no explanation as to why it apparently took four additional years to gather any other information

needed for the present motion. Moreover, it is not unreasonable to find that Defendant has been aware of defense counsel's claimed ineffectiveness for some time especially since this issue was raised as an assignment of error on direct appeal. * * *.

{¶ 6} We note that, on October 23, 2013, Isa filed a motion to supplement his brief with a copy of the investigation report prepared by Ace Investigations and relied upon in his brief. This Court overruled his motion to supplement on November 25, 2013.[1]

{¶ 7} Isa asserts three assignments of error herein. We will consider them together. They are as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING [ISA'S MOTION FOR LEAVE]; PREMISED UPON TRULY NEWLY DISCOVERED EVIDENCE RECENTLY RECEIVED AND NOT DISCLOSED DURING HIS CRIMINAL TRIAL. FURTHER, THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT CONCLUDING THAT HE WAS CLEARLY UNAVOIDABLY PREVENTED FROM DISCOVERING OR PRESENTING SAID EVIDENCE UNTIL NOW DUE TO HIS INABILITY TO UNDERSTAND THE ENGLISH LANGUAGE, AS HE IS A PALESTINIAN AMERICAN WHO SPEAKS ARABIC AS A FIRST

---

[1] On December 27, 2013, Isa filed a document captioned "Change of Venue and Pursuant to Crim.R. 18 and Disability of Judge Pursuant to Crim.R. 25." This untimely filing in this court does not affect our jurisdiction to decide this appeal.

LANGUAGE, AS WELL AS THE INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPELLATE COUNSEL IN THESE PROCEEDINGS. And,

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT'S [MOTION]; GIVEN THE WEIGHT AND EXTENT OF THE NEW EVIDENCE PRESENTED IN THE FORM OF AFFIDAVITS; PREVENTING HIM FROM RECEIVING DUE PROCESS AND CREATING A FUNDAMENTAL MISCARRIAGE OF JUSTICE. And,

THE TRIAL COURT ERRED BY RULING THAT DEFENDANT APPELLANT'S MOTION FOR LEAVE TO FILE A DELAYED MOTION FOR NEW TRIAL WAS NOT TIMELY FILED AND ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY NOT HOLDING AN[] EVIDENTIARY HEARING.

**{¶ 8}** As this Court has previously noted:

Crim.R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at the trial. However, such a motion must be filed within 120 days after the day of the verdict, unless the trial court finds by clear and convincing evidence that he was unavoidably prevented from

discovering the evidence.

"In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" *State v. Morgan*, Shelby App. No. 17-05-26, 2006-Ohio-145, 2006 WL 93108. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden* (1984), 19 Ohio App.3d 141, 145-146, 19 OBR 230, 483 N.E.2d 859. *State v. Parker*, 178 Ohio App. 3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 15-16 (2d Dist.). *See also* R.C. 2945.80.

{¶ 9} Regarding Isa's assertion that he was entitled to an evidentiary hearing on his motion for leave, this Court has held as follows:

[A] defendant is entitled to such a hearing if he submits "documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence" at issue. *State v. York* (Feb. 18, 2000), Greene App. No. 99-CA-54, 2000 WL 192433, citing *State v. Wright* (1990), 67 Ohio App.3d 827, 828, 588 N.E.2d 930; see, also, *State v. Mitchell*, Montgomery App. No. 19816, 2004-Ohio-459, 2004 WL 225464, ¶ 7- 10

(finding affidavits sufficient to warrant a hearing on whether the defendant was unavoidably prevented from discovering the facts upon which his request for a new trial relied). Notably, the documents at issue in *York* and *Wright* were affidavits from prosecution witnesses recanting their trial testimony against the defendant. *State v. McConnell*, 170 Ohio App. 3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.).

**{¶ 10}** "If it is not found that the defendant was unavoidably prevented from discovering the new evidence or from filing his motion for a new trial, the trial court is precluded from considering the untimely motion. *State v. Hall* (1995), 106 Ohio App.3d 183,191; *State v. Pinkerman* (1993), 88 Ohio App.3d 158, 161, 623 N.E.2d 643." *State v. Wilson,* 2d Dist. Montgomery No. 17515, 1999 WL 173551, * 1 (Mar. 31, 1999).

**{¶ 11}** We initially note that Isa's conviction was affirmed over 5 years ago. He has since filed multiple pro se motions below regarding his sentence, in addition to his pro se Motion for Leave and accompanying affidavit. There is no evidence of Isa's alleged inability to understand the English language, nor did he assert such an inability in his Motion for Leave.

**{¶ 12}** Most importantly, as the trial court noted, there is no suggestion that Isa was prevented from discovering the (hearsay) evidence, presented in his affidavits, allegedly obtained in the course of the investigation conducted by him, Sylvia Isa and "Ace Investigations." As the trial court noted, Isa acknowledges that one of his employees disclosed allegedly exculpatory information in March, 2009, over four years ago. In contrast, we note that in *Wright,* upon which Isa relies in part, Wright submitted the affidavit

of a witness for the State in which the witness recanted his trial testimony and alleged Wright was not guilty. This Court concluded that it "was error for the trial court to determine, without a hearing, that a defendant has failed to establish by clear and convincing evidence that he was unavoidably prevented from the prior discovery of the evidence, when documents submitted by the defendant, on their face, support his claim that he was prevented from earlier discovering the evidence." *Id*., 828. Isa's reliance upon *Wright* is misplaced.

{¶ 13} Finally, Isa raised ineffective assistance of trial counsel on direct appeal, and there is nothing before us to support his assertion that he has newly discovered evidence of ineffective assistance of defense counsel. Regarding his assertions that appellate counsel was ineffective, such arguments are not properly raised in his motion for leave. *See* App.R. 26(B). Isa's motion for leave is untimely, his affidavits do not on their face support his claim that he was unavoidably prevented from timely discovering the alleged grounds for his motion, thus we cannot find that Isa was entitled to an evidentiary hearing, and we conclude that the trial court was precluded from considering Isa's untimely motion for leave. Isa's assigned errors are overruled.

{¶ 14} Finally, we note that in Isa's Reply brief, he asserts three additional assignments of error, namely that his conviction is not supported by the sufficiency of the evidence and is against the manifest weight evidence; that the trial court erred in admitting hearsay at trial; and that the trial court committed plain error in sentencing him for allied offenses of similar import. Since these assignments of error are not properly before us, we shall not consider them. The purpose of a reply brief is to respond to arguments raised by

the State, not advance additional assignments of error. *State v. Clark*, 38 Ohio St.3d 252, 258, 527 N.E.2d 844 (1988).

{¶ 15} Having overruled Isa's assigned errors, the judgment of the trial court is affirmed.

· · · · · · · · · ·

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Jane A. Napier
Abraham Isa
Hon. Nick A. Selvaggio