[Cite as *State v. Isa*, 2016-Ohio-4980.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-44 |
| | : | |
| v. | : | Trial Court Case No. 2007-CR-207 |
| | : | |
| ABRAHAM ISA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2016.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Champaign County Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

ABRAHAM ISA, Inmate No. 566-878, Chillicothe Correctional Institution, P.O. Box 5500 Chillicothe, Ohio 45601
    Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Abraham Isa, appeals pro se from a judgment of the Champaign County Court of Common Pleas denying his "Motion to Correct Void Judgment." For the reasons outlined below, the judgment of the trial court will be affirmed.

**{¶ 2}** In 2007, Isa was convicted of thirteen counts of gross sexual imposition and two counts of rape, for which he received an aggregate term of 24 years and 6 months in prison. Thereafter, Isa filed a direct appeal from his conviction, which this court affirmed. *State v. Isa*, 2d Dist. Champaign No. 07-CA-37, 2008-Ohio-5906. Following the affirmance of his conviction, Isa filed two motions for re-sentencing alleging his sentence was void due to a post-release control defect and the trial court improperly computing his sentence. We affirmed the trial court's denial of these motions, finding no merit to either of Isa's claims. *State v. Isa*, 2d Dist. Champaign Nos. 10-CA-1, 10-CA-2, 2010-Ohio-3770 (*Isa II* ).

**{¶ 3}** Two years later, in September 2012, Isa filed a "Motion to Vacate Sentence [as] Contrary to Law," which, despite its title, did not challenge his sentence, but rather asserted an ineffective assistance claim. The trial court denied the motion as an untimely petition for post-conviction relief and we affirmed that decision on appeal. *State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382 (*Isa III* ).

**{¶ 4}** While our decision in *Isa III* was pending, in March 2013, Isa filed a "Motion for Leave to File a Delayed Motion for New Trial and Motion for New Trial Instanter." We affirmed the trial court's decision denying that motion as well. *State v. Isa*, 2d Dist. Champaign No. 2013-CA-20, 2014-Ohio-139 (*Isa IV*).

{¶ 5} In August 2014, Isa filed a "Motion for Re-sentencing Based on Void Judgment," in which he claimed the trial court failed to notify him about the possibility of being ordered to perform community service in lieu of paying court costs. We affirmed the trial court's denial of that motion on grounds of res judicata. *State v. Isa*, 2d Dist. Champaign No. 2014-CA-31, 2015-Ohio-2876 (*Isa V*).

{¶ 6} The following year, in August 2015, Isa filed a pro se "Motion for New Trial Pursuant to Criminal Rule 33," which the trial court denied. Shortly thereafter, in September 2015, Isa filed a pro se "Motion to Correct Void Judgment," which the trial court characterized as a petition for post-conviction relief and denied as untimely. Isa subsequently filed separate appeals from the trial court's denial of these motions.

{¶ 7} The instant appeal concerns the trial court's denial of Isa's "Motion to Correct Void Judgment." Isa's appellate brief contains no assignments of error for our review and fails to meet many of the other requirements of App.R.16, as the brief is simply a copy of Isa's "Motion to Correct Void Judgment." However, from that motion, we surmise that Isa is challenging his sentence on grounds that it violated the prohibition against sentence packaging as announced in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶ 8} We note that while trial courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged, *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10, in this case, the trial court incorrectly construed Isa's motion as a petition for post-conviction relief under R.C. 2953.21. "[A] motion meets the definition of a petition for post[-]conviction relief in R.C. 2953.21(A)(1) when the motion '(1) [was] filed subsequent to [a

defendant's] direct appeal, (2) claim[s] a denial of constitutional rights, (3) s[eeks] to render the judgment void, and (4) ask[s] for vacation of the judgment and sentence.' " *State v. Caldwell*, 2d Dist. Montgomery No. 24333, 2012-Ohio-1091, ¶ 3, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). In turn, "R.C. 2953.21 governs challenges to a defendant's conviction or sentence based on violations of the defendant's constitutional rights." *State v. Bellamy*, 181 Ohio App.3d 210, 2009-Ohio-888, 908 N.E.2d 522, ¶ 9 (2d Dist.), citing *Reynolds* at syllabus. (Other citation omitted.) Here, Isa did not assert any constitutional challenges in his motion, thus we decline to construe his motion as a petition for post-conviction relief.

{¶ 9} Nevertheless, the claims raised in Isa's motion are barred by res judicata. The doctrine of res judicata bars further litigation of issues that were raised previously or could have been raised previously in an appeal. *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Otherwise, appeals could be filed indefinitely." *State v. Henley*, 2d Dist. Montgomery No. 26604, 2015-Ohio-4113, ¶ 11. We note that this is Isa's seventh appeal and that he has previously filed several motions with the trial court challenging his sentence. Accordingly, res judicata prevents Isa from raising the sentence-packaging issue now, as it could have been previously litigated and raised in a prior appeal.

{¶ 10} Even if res judicata did not apply, Isa's motion fails to demonstrate that his sentence violates the prohibition against sentence packaging. Sentence packaging is "a federal doctrine that requires the court to consider the sanctions imposed on multiple offenses as the components of a single, comprehensive sentencing plan." *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824 at ¶ 5. In *Saxon*, the Supreme Court

of Ohio made clear that it declined to adopt the "sentencing-package doctrine," finding that it had "no applicability to Ohio sentencing laws." *Id.* at ¶ 10. Pursuant to Ohio law, the sentencing court "must consider each offense individually and impose a separate sentence for each offense." *Id.* at ¶ 9. Therefore, the court "lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses." *Id.* Simply put, sentencing courts may not impose a single "lump" sentence for multiple offenses. *Id.* at ¶ 8.

{¶ 11} In arguing that the trial court engaged in sentence packaging, Isa's motion cites an excerpt from his sentencing hearing that demonstrates the trial court actually imposed a separate sentence for each count. Moreover, in *Isa II*, this court specifically discussed the sentence Isa received, explicitly stating that "[t]he sentencing entry clearly states that a sentence of ten years is imposed upon each of the Rape counts, and a sentence of 18 months is imposed upon each of the Gross Sexual Imposition Counts." *Isa II*, 2d Dist. Champaign Nos. 10-CA-1, 10-CA-2, 2010-Ohio-3770 at ¶ 20. We also discussed how the trial court grouped together the sentences that were to be served concurrently with one another and consecutively to the other sentence groups. *Id.* at ¶ 22-36. Grouping the concurrent sentences in such a manner does not amount to sentence packaging, as the trial court still imposed a sentence for each offense before grouping the concurrent sentences together.

{¶ 12} As noted in *Saxon*:

Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching

sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. See R.C. 2929.11 through 2929.19.2. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively.

(Citations and footnote omitted.) *Saxon* at ¶ 9.

**{¶ 13}** Because the trial court imposed a separate sentence for each offense, the sentence packaging argument alleged in Isa's "Motion to Correct Void Judgment" lacks merit. Therefore, although we base our conclusion on different grounds, we conclude that the trial court did not err in denying Isa's motion, as the motion fails on its merits and is barred by res judicata. The judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Jane A. Napier
Abraham Isa
Hon. Timothy Campbell