[Cite as *State v. Isa*, 2016-Ohio-4979.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-35 |
| | : | |
| v. | : | Trial Court Case No. 2007-CR-207 |
| | : | |
| ABRAHAM ISA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2016.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Champaign County Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0081844, 1370 North Fairfield Road, Suite C, Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Abraham Isa, appeals from a judgment of the Champaign County Court of Common Pleas denying his motion for a new trial. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2007, Isa was convicted of thirteen counts of gross sexual imposition and two counts of rape, for which he received an aggregate term of 24 years and 6 months in prison. Isa's victims were five young women, two of whom were minors. The victims were employed by Isa at a Sunoco Subway shop and at the St. Paris Grill in St. Paris, Ohio. Isa filed a direct appeal from his conviction arguing that the trial court erred in failing to declare a mistrial. Isa also argued that his trial counsel was ineffective in failing to object to certain witness testimony and leading questions by the State. We found Isa's claims lacked merit and affirmed his conviction. *State v. Isa*, 2d Dist. Champaign No. 07-CA-37, 2008-Ohio-5906.

{¶ 3} After his conviction was affirmed, Isa filed several motions, many of which were construed as petitions for post-conviction relief. In 2009, Isa filed two motions for re-sentencing, one of which alleged that his sentence was void due to a post-release control defect while the other alleged that his sentence was improperly computed. We affirmed the trial court's denial of these motions, finding no merit to either of Isa's claims. *State v. Isa*, 2d Dist. Champaign Nos. 10-CA-1, 10-CA-2, 2010-Ohio-3770 (*Isa II*).

{¶ 4} Two years later, in September 2012, Isa filed a "Motion to Vacate Sentence [as] Contrary to Law," which, despite its title, did not challenge his sentence, but rather

asserted an ineffective assistance claim. Isa claimed that his trial counsel provided ineffective assistance by advising him to reject a favorable plea bargain and by neglecting to tell him, a foreign national, about potential deportation issues. The trial court denied the motion as an untimely petition for post-conviction relief, and we affirmed that decision on appeal. *State v. Isa*, 2d Dist. Champaign No. 2012-CA-44, 2013-Ohio-3382 (*Isa III*).

{¶ 5} While our decision in *Isa III* was pending, Isa filed a "Motion for Leave to File a Delayed Motion for New Trial and Motion for New Trial Instanter" (hereinafter, "motion for leave"). In that motion, Isa claimed he obtained newly discovered evidence that his two sons committed the offenses for which he was convicted and incited the victims to testify against him. Isa also claimed his trial counsel provided ineffective assistance. We affirmed the trial court's denial of Isa's motion for leave, finding it was untimely pursuant to Crim.R. 33(B) and that Isa did not establish he was unavoidably prevented from timely discovering the evidence upon which the motion was based. We also found that Isa had already raised an ineffective assistance claim in his direct appeal and that there was no newly discovered evidence of his trial counsel's alleged ineffectiveness. We further found that the ineffective assistance claim was not properly raised in a motion for leave. *State v. Isa*, 2d Dist. Champaign No. 2013-CA-20, 2014-Ohio-139 (*Isa IV*).

{¶ 6} In August 2014, following our decision in *Isa IV*, Isa filed a "Motion for Re-sentencing Based on Void Judgment," in which he claimed the trial court failed to notify him about the possibility of being ordered to perform community service in lieu of paying court costs. We affirmed the trial court's denial of that motion on grounds of res judicata. *State v. Isa*, 2d Dist. Champaign No. 2014-CA-31, 2015-Ohio-2876 (*Isa V*).

{¶ 7} In relation to the instant appeal, on August 10, 2015, Isa filed a pro se "Motion

for New Trial Pursuant to Criminal Rule 33" (hereinafter, "motion for new trial"). As part of that motion, Isa requested a new trial on grounds that he recently discovered additional evidence demonstrating that his sons committed the offenses in question and manipulated the victims to testify against him. In the alternative, Isa's motion requested the trial court to issue an order requiring the State to offer its original plea bargain on grounds that his trial counsel rendered ineffective assistance. Isa claimed that his trial counsel was ineffective in failing to obtain an Arabic interpreter at trial.

{¶ 8} In support of this motion, Isa attached three affidavits as well as a written witness statement that was given to the police on July 9, 2007. Two of the affidavits were prepared by former employees of Isa, Jared Kimball and Ronald Moore, both of whom are incarcerated with Isa at the Chillicothe Correctional Institution. In the affidavits, Kimball and Moore averred that they had previously worked for Isa and had been acquainted with Isa's sons. Specifically, Kimball claimed that he observed Isa's sons interact with several underage females while he was working on remodeling the St. Paris Grill and that Isa's sons would take the females out after work to party and drink alcohol. Kimball further claimed that he never saw Isa in the vicinity of the females. Moore averred that Isa's female employees would come to him and report inappropriate behavior by one of Isa's sons and that Isa would often reprimand the son for his inappropriate behavior. Both Moore and Kimball claimed that they were aware that one of Isa's sons had engaged in a sexual relationship with an underage female, and that both sons dated underage females, including one of the victims.

{¶ 9} In addition to Kimball and Moore's affidavits, Isa attached his own affidavit averring how he came into contact with Kimball and Moore in prison, and how he was

unavoidably prevented from discovering their allegations since he only recently discovered their whereabouts. Isa admitted that he and his trial counsel attempted to locate Moore in order to have him serve as a defense witness at trial, but claimed Moore could not be found at the time. However, Isa did not explain whether he ever attempted to find Kimball or why he could not locate Kimball for trial.

{¶ 10} Isa also stated in his affidavit that he just recently became aware of the written witness statement that was given to the police in 2007, which he attached to his motion. Isa claims his wife received the written statement in the mail sometime in 2015, along with some other court documents. The statement was written by one of Isa's female employees whom he had hired just prior to being charged. The witness wrote that Isa did not act out of the ordinary, but that one of Isa's sons flirted with her and the younger female employees. She also wrote that Isa's son described what he would do to her sexually if it was not for her boyfriend.

{¶ 11} The trial court denied Isa's motion for new trial in its entirety upon finding that the motion was untimely and that the attached documentation did not establish that Isa was unavoidably prevented from timely discovering the evidence upon which his motion was based. The trial court also found that Isa's alternative ineffective assistance claim was an untimely petition for post-conviction relief that did not fall under the exception for late filings in R.C. 2953.23(A).

{¶ 12} On September 18, 2015, after the trial court denied Isa's motion for new trial, Isa filed a "Motion to Correct Void Judgment," which was also denied by the trial court. Thereafter, Isa filed separate appeals from the trial court's denial of those motions. The present appeal concerns the trial court's decision denying Isa's motion for

new trial. Isa has raised three assignments of error for our review.

**First and Third Assignments of Error**

{¶ 13} For purposes of clarity, we will address Isa's First and Third Assignments of Error together. They are as follows:

I.  APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

III.  TRIAL COURT ERR[ED] WHEN IT RULED THAT APPELLANT DID NOT ATTEMPT TO EVEN ADDRESS THE REQUIREMENTS OF R.C. 2953.23(A)(1) AND THEREFORE LACKED JURISDICTION.

{¶ 14} Under his First Assignment of Error, Isa claims his counsel was ineffective in failing to file a motion requesting an Arabic interpreter at trial. In support of this claim, Isa alleges that he did not understand the nature of the trial court proceedings and the need for certain witnesses as a result of a language barrier. As previously noted, this was an alternative argument raised in Isa's motion for new trial, which the trial court characterized as a petition for post-conviction relief. Isa does not challenge that characterization. Instead, under his Third Assignment of Error, Isa contends the trial court erroneously concluded that he did not address or satisfy the requirements for filing an untimely petition under R.C. 2953.23(A)(1).

{¶ 15} Isa's petition for post-conviction relief fails for multiple reasons. In addition

to this court previously determining that there is no evidence of Isa's alleged inability to understand the English language, *see Isa IV*, 2d Dist. Champaign No. 2013-CA-20, 2014-Ohio-139 at ¶ 11, Isa's petition is also barred by res judicata. "Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal." *State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 13, citing *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013-Ohio-180, ¶ 47-48. " 'If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding.' " *Id.*, quoting *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 9, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 16} Here, it is clear that Isa could have raised the ineffective assistance claim at issue on direct appeal, as his alleged language barrier during the lower-court proceedings and his counsel's failure to obtain an interpreter does not rely on evidence outside the record. Thus, Isa was not permitted to raise the issue in a petition for post-conviction relief. However, even if he was permitted to raise this issue, pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed within 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]"

{¶ 17} In this case, it is clear that Isa's petition was filed well beyond the 365-day time limitation and that it does not fall under the exception for filing untimely petitions in R.C. 2953.23(A). Specifically, Isa failed to demonstrate that he was unavoidably prevented from discovering the facts upon which his claim is based, i.e., the alleged

language barrier and his counsel's failure to obtain an interpreter. *See* R.C. 2953.23(A)(1)(a). Nor did Isa show that, subsequent to the filing deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [Isa's] situation, and the petition asserts a claim based on that right." *Id.*

{¶ 18} For the foregoing reasons, Isa's First and Third Assignments of Error are overruled.

**Second Assignment of Error**

{¶ 19} Isa's Second Assignment of Error is as follows:

TRIAL COURT ERR[ED] WHEN IT RULED THAT APPELLANT DID NOT MAKE A PRIMA FACIE SHOWING THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING [THE] WITNESSES WITHIN THE 120-DAY PERIOD PRESCRIBED BY CRIMINAL RULE 33.

{¶ 20} Under his Second Assignment of Error, Isa contends that in denying his motion for new trial, the trial court erred in finding that he failed to demonstrate he was unavoidably prevented from discovering the information on which his motion was based within the time limit set forth in Crim.R. 33. Specifically, Isa claims that because he just recently discovered the whereabouts of his former employees, Kimball and Moore, he could not have filed a motion for new trial based on their statements at an earlier time. Isa does not make any argument with respect to the written witness statement made by his former female employee.

{¶ 21} A motion for new trial is governed by Crim.R. 33. "Crim.R. 33(A)(6) permits a convicted defendant to file a motion for a new trial upon grounds that new evidence

material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at the trial." *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 15 (2d Dist.) "However, such a motion must be filed within 120 days after the day of the verdict, unless the trial court finds by clear and convincing evidence that he was unavoidably prevented from discovering the evidence." *Id.*; Crim.R. 33(B).

{¶ 22} In order to file a motion for new trial based on newly discovered evidence beyond 120 days, a petitioner must first file a motion for leave that provides " 'clear and convincing proof that he has been unavoidably prevented from fling a motion in a timely fashion.' " *Id.* at ¶ 16, quoting *State v. Morgan*, 3d Dist. Shelby No. 17-05-26, 2006-Ohio-145, ¶ 7. " '[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence.' " *Id.*, quoting *State v. Walden,* 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984).

{¶ 23} A defendant is entitled to a hearing on a motion for new trial "if he submits 'documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence' at issue." *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.), quoting *State v. York,* 2d Dist. Greene No. 99-CA-54, 2000 WL 192433, *2 (Feb. 18, 2000). (Other citations omitted.) "If it is not found that the defendant was unavoidably prevented from discovering the new evidence or from filing his motion for a new trial, the trial court is precluded from considering the untimely motion." (Citations omitted.) *State v. Wilson*, 2d Dist.

Montgomery No. 17515, 1999 WL 173551, *1 (Mar. 31, 1999).

{¶ 24} We review a trial court's decision on a motion for new trial for an abuse of discretion. *Id.* at *2. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 25} In this case, the trial court denied Isa's motion for new trial on grounds that Isa failed to offer documentation that, on its face, clearly and convincingly shows that he was unavoidably prevented from timely discovering the witnesses at issue. We do not find that the trial court's decision was an abuse of discretion. The affidavits attached to Isa's motion indicate that Isa employed Kimball and Moore before he was indicted and that both men were aware of the charges against Isa. Isa admitted that he had provided Moore's name to his trial counsel as a possible trial witness, thus indicating Isa was aware that Moore had some knowledge that could have been favorable to his case. Although Isa claimed Moore could not be located for trial, Moore averred that he had expected to be called as a witness, but was not. Regardless, other than being incarcerated, Isa's affidavit does not account for the nine years it took to come into contact with Moore and Kimball. Although he was incarcerated, Isa was not prevented from attempting to contact these witnesses himself or through a representative.

{¶ 26} For the foregoing reasons, Isa's Second Assignment of Error is overruled.

## Conclusion

**{¶ 27}** Having overruled all the assignments of error raised by Isa, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Jane A. Napier
Chris Beck
Hon. Timothy Campbell