[Cite as *State v. Henley*, 2017-Ohio-5828.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27326 |
| | : | |
| v. | : | T.C. NO. 04-CR-1953 |
| | : | |
| BRIAN D. HENLEY | : | (Criminal Appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of _____July_____, 2017.

. . . . . . . . . .

MICHAEL J. SCARPELLI, Atty. Reg. No. 0093662, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

BRIAN D. HENLEY, Inmate #485-121, P. O. Box 8107, Mansfield, Ohio 44901
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} After a jury trial in late 2004, Henley was convicted of one count of kidnapping, four counts of rape, two counts of felonious assault, and one count of attempted felonious assault. The trial court sentenced Henley to an aggregate term of 22 years in prison and designated him as a sexual predator. In an opinion issued on

November 18, 2005, we affirmed Henley's convictions and the sentences they involved on direct appeal. *State v. Henley,* 2d Dist. Montgomery No. 20789, 2005-Ohio-6142 (hereinafter "*Henley I*"). We note that Henley filed a notice of appeal on December 7, 2005, with the Ohio Supreme Court regarding this opinion. The Ohio Supreme Court ultimately dismissed his appeal "as not involving any substantial constitutional question." *State v. Henley,* 108 Ohio St.3d 1489, 2006-Ohio-962, 843 N.E.2d 795.[1]

{¶ 2} On December 13, 2005, Henley filed a pro se application for reconsideration pursuant to App.R. 26(A) of our opinion in *Henley I.* We subsequently denied his application for reconsideration in a decision and entry issued on January 18, 2006. Shortly thereafter on January 31, 2006, Henley filed a pro se application for reopening his direct appeal pursuant to App. R. 26(B). In a decision and entry rendered on April 10, 2006, we denied his application to reopen.

{¶ 3} On June 15, 2011, Henley filed a "Motion Pursuant to Civil Rule 60(B)(5) for Relief from Judgment" with this court. Without reaching the merits of his argument, we denied his 2011 motion, holding that Henley improperly relied on Civ.R. 60(B)(5), which only applies in civil cases, and is not applicable in criminal cases. On December 10, 2013, Henley filed a "Notice of Plain Error" in the trial court. The trial court overruled his motion finding that his claims were barred by res judicata and otherwise failed to demonstrate plain error. We affirmed the decision of the trial court on appeal. *State v. Henley,* 2d Dist. Montgomery No. 26604, 2015-Ohio-4113 (hereinafter "*Henley II*").

{¶ 4} On July 21, 2016, Henley filed a pro se "Motion to Vacate Void Judgment" in

---

[1] Henley also filed a petition for a writ of certiorari with the U.S. Supreme Court which was subsequently denied in an entry issued on October 2, 2006.

which he argued that the trial court erred when it failed to properly notify him of the terms of his post-release control at his original sentencing. The trial court held a new sentencing hearing on October 27, 2016, during which it reiterated Henley's original sentence of seven years in prison for Count I (kidnapping), ten years each for Counts II-V (rape) to be served concurrently, seven years each for Counts VI and VII (felonious assault) to be served concurrently, and five years for Count VIII (attempted felonious assault). Count I was ordered to be served concurrently with Counts II-V; Counts I-V, Counts VI-VII, and Count VIII were ordered to be served consecutively for an aggregate sentence of 22 years in prison. Lastly, the trial court imposed five years of mandatory post-release control for Counts I-V and an additional three years of post-release control for Counts VI-VIII.

{¶ 5} Henley objected to the imposition of five years of post-release control for Counts I-V because he argued that he had already served his sentences for those counts at the time of the hearing. Henley also argued that he had the right to appeal his substantive convictions based on the new sentencing hearing. The trial court overruled his objection, and on the same day, issued an amended sentencing entry reflecting Henley's original sentence with the addition of the terms of his post-release control. Henley filed a timely notice of appeal with this court on November 4, 2016.

{¶ 6} Henley's first assignment of error is as follows:

{¶ 7} "THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS WHEN IT IMPOSED 5 YEARS OF POST RELEASE CONTROL ON COUNTS 1 THROUGH 5 WHEN APPELLANT HAD ALREADY COMPLETED THE SENTENCE FOR THOSE OFFENSES."

{¶ 8} In his first assignment, Henley contends that the trial court erred when it imposed a five year term of post-release control for Counts I-V because at the time of the resentencing hearing, he had already served approximately 12 years in prison. As previously discussed, Henley's sentence for Counts I-V totaled ten years. Henley argues that since he had already served that portion of his aggregate 22 year sentence, the trial court was without authority to impose five years of post-release control for those counts. We note that the State concedes error with respect to Henley's first assignment.

{¶ 9} Once a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph three of the syllabus. *See also Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, overruled on other grounds by *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. This is true even if the defendant remains incarcerated on other charges. *Holdcroft* at ¶ 18.

{¶ 10} Additionally, we have noted a general absence of authority regarding the order in which a defendant serves his or her sentences when consecutive sentences are imposed on multiple counts. *State v. Powell,* 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, citing *State v. Ford,* 2d Dist. Montgomery No. 25796, 2014-Ohio-1859. In the absence of other guidance, we found it was reasonable to look to the order that the trial court addressed the charges and infer that the court intended that the sentences be served in the order addressed in the termination entry. *Powell* at ¶ 28. We further noted

that the Eighth District has determined that, when the trial court fails to specify the order that sentences should be served, the appellate court should construe the ambiguity in the termination entry in the defendant's favor. *State v. Cvijetinovic,* 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121.   Thus, we concluded in *Ford* that the defendant would benefit from a finding that he had completed his aggravated robbery sentence (for which post-release control would be a mandatory five-year term) rather than his sentence for having a weapon while under disability (for which post-release control was discretionary for three years). *Ford* at ¶ 21.   Therefore, we reversed in part the trial court's judgment and remanded for the trial court to vacate post-release control for Ford's aggravated robbery conviction.

{¶ 11} When the trial court filed its amended termination entry in October of 2016, Henley had served approximately 12 years of his prison sentence.   The first ten of those years were attributable to his sentence on Counts I-V.   The remainder of his sentence for Counts VI-VIII, totaling an additional 12 years, was ordered to be served consecutively to the sentence for Counts I-V.

{¶ 12} As first degree felonies, Counts I-V carry with them five years of mandatory post-release control.   In the paragraph addressing which sentences were to be served consecutively and/or concurrently, these offenses were addressed first.   From the record, we may reasonably infer that the trial court intended Henley to serve his sentence for Counts I-V first.   Accordingly, we find that because Henley's sentence for Counts I-V was completely served prior to the resentencing hearing in October of 2016, the trial court was without authority to impose a term of post-release control for those offenses.   We note, however, that the imposition of three years of post-release control in Counts VI-VIII

remains undisturbed because Henley is still serving his sentences on those counts.

{¶ 13} Henley's first assignment of error is sustained.

{¶ 14} Henley's second assignment of error is as follows:

{¶ 15} "THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHT TO DUE PROCESS WHEN IT REFUSED TO ALLOW APPELLANT TO RAISE CHALLENGES TO HIS UNDISTURBED CONVICTION AND SENTENCE IMPOSED ON OCTOBER 29, 2004 IN DIRECT CONTRAVENTION OF IN RE MICHAEL STANSELL, 2016 U.S. APP. LEXIS 12141 (6TH CIR. COURT OF APPEALS)."

{¶ 16} In his second assignment, Henley argues that the trial court erred when it refused to permit him to challenge his underlying convictions at resentencing. In support of his argument, Henley cites *In re Stansell*, 828 F.3d 412 (6th Cir.2016). Upon review, we find *Stansell* has no applicability in the instant case, and his argument is without merit.

{¶ 17} The Antiterrorism and Effective Death Penalty Act limits the authority of the federal courts to grant relief to individuals who previously filed a habeas petition. 28 U.S.C. 2244(b). The Act requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a "second or successive application" in district court. 28 U.S.C. 2244(b)(3)(A). "A claim presented in a second or successive habeas corpus application * * * that was presented in a prior application," the statute says, "shall be dismissed." 28 U.S.C. 2244(b)(1). "A claim presented in a second or successive habeas corpus application * * * that was *not* presented in a prior application," the statute adds, "shall be dismissed unless" certain statutory criteria are met. (Emphasis added.) 28 U.S.C. 2244(b)(2).

{¶ 18} The U.S. Supreme Court has held that a "single habeas corpus application"

is based upon a particular "judgment" of a state court. *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). The Supreme Court further held that if a petitioner who has already filed one federal habeas petition is resentenced in a state court, the defendant's subsequent federal habeas petition after resentencing does not qualify as a "successive" petition requiring leave from a court of appeals. *Id.* at 331. This is the procedure since a resentencing operates as a new "judgment." *Id.*

{¶ 19} In *Stansell*, the petitioner filed an initial habeas petition that was dismissed by the federal district court. *Stansell* at 414. The petitioner was thereafter granted a new sentencing hearing in state court under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, for the proper imposition of post-release control. *Id.* The petitioner also filed a motion for leave to file a successive habeas application in federal court. *Id.* Upon review, the Sixth Circuit held that a resentencing in Ohio state court to properly impose post-release control operates as a new "judgment" under the federal habeas statute. *Id.* at 416-420. Therefore, the court held that the "second or successive" habeas application rules do not apply in this situation. *Id.* Thus, the court denied Stansell's petition for leave as unnecessary and transferred his case to federal court to be reviewed on the merits. *Id.* at 420.

{¶ 20} Upon review, we conclude that *Stansell* has no application in the instant case. In fact, the only relevance *Stansell* has to Henley's case is that if he wanted to file a second habeas petition in federal court, he would not have to first file leave with the Sixth Circuit in order to do so. *Stansell* has no effect, however, on Henley's appeal presently before this court. "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a

conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at paragraph three of the syllabus. Contrary to Henley's argument, a resentencing in order to properly impose post-release control does not permit a defendant to raise new challenges to his underlying convictions that could have been raised in his original appeal.

{¶ 21} Henley's second assignment of error is overruled.

{¶ 22} Because they are interrelated, Henley's remaining seven assignments of error will be discussed together as follows:

{¶ 23} "THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL DUE PROCESS RIGHTS TO A JURY TRIAL WHEN IT RESTRICTED THE TRIAL TESTIMONY OF A DEFENSE WITNESS BASED UPON THE 'WEIGHT' OF THE TESTIMONY RATHER THAN ITS 'ADMISSIBILITY.' "

{¶ 24} "THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO COMPULSORY PROCESS WHEN IT RESTRICTED THE TRIAL TESTIMONY OF A DEFENSE WITNESS."

{¶ 25} "THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL DUE PROCESS RIGHTS WHEN IT DENIED APPELLANT'S CR. R. 29 MOTION FOR JUDGMENT OF ACQUITTAL WHERE THE EVIDENCE WAS 'INSUFFICIENT.' "

{¶ 26} "THE STATE VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS WHEN THE PROSECUTOR ELICITED HEAR-SAY [sic] STATEMENTS FROM STATE'S WITNESSES."

{¶ 27} "APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN THE TRIAL JUDGE EXHIBITED BIAS DURING THE SEXUAL

CLASSIFICATION AND SENTENCING HEARINGS HELD ON OCTOBER 29, 2014."

{¶ 28} "THE SENTENCE IMPOSED IN THIS CASE IS VOID IN VIOLATION OF APPELLANT'S STATE AND FEDERAL DUE PROCESS RIGHTS."

{¶ 29} "THE SEXUAL PREDATOR DESIGNATION IN THIS CASE IS VOID IN VIOLATION OF APPELLANT'S STATE AND FEDERAL DUE PROCESS RIGHTS."

{¶ 30} "TRIAL COUNSEL WAS INEFFECTIVE DURING TRIAL, THE SENTENCING HEARING, AND THE SEXUAL CLASSIFICATION HEARINGS IN VIOLATION OF APPELLANT'S 6TH AND 14TH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION."

{¶ 31} Upon review, we find that Henley failed to raise the arguments he advances in assignments of error three through ten before the trial court in his "Motion to Vacate Void Judgment" filed on July 21, 2016. The Ohio Supreme Court has stated that "[t]he general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *State v. Awan,* 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Therefore, as these issues were not raised before the trial court in Henley's "Motion to Vacate Void Judgment," they are waived, and we decline to consider them.

{¶ 32} Additionally, even if Henley had raised these arguments before the trial court, they would still be barred by res judicata. Res judicata bars re-litigation of a matter that was raised or could have been raised on direct appeal. *State v. Griffin,* 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989. The arguments in assignments three through ten address issues that allegedly occurred during his original trial and sentencing. All of

the arguments could have therefore been raised on direct appeal. Since Henley could have raised these arguments in his initial appeal, we conclude that he is barred by the doctrine of res judicata from raising it in a post-conviction motion.

**{¶ 33}** Assignments of error three through ten are overruled.

**{¶ 34}** Based upon the reasoning set forth above, Henley's first assignment of error is sustained, and the trial court's imposition of five years of post-release control for Counts I-V will be vacated. In all other respects, the trial court's judgment will be affirmed. This matter will be remanded to the trial court for the sole purpose of filing an amended judgment entry reflecting the vacation of post-release control for Counts I-V.

. . . . . . . . . . . . .

TUCKER, J., concurs.

HALL, P.J., concurring in judgment only.

Copies mailed to:

Michael J. Scarpelli
Brian D. Henley
Hon. Dennis J. Langer