[Cite as *State v. Barker*, 2017-Ohio-6994.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 27252 |
| | : | |
| v. | : | T.C. NO. 12-CR-477 |
| | : | |
| KEVIN J. BARKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the _____28th_____ day of _____July_____, 2017.

. . . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KEVIN J. BARKER, Inmate No. 679074, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Kevin J. Barker appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion, pursuant to App.R. 9 and Crim.R. 36, to correct the record.

{¶ 2} In June 2012, Barker was indicted on one count of engaging in a pattern of

corrupt activity (Count One), two counts of promoting prostitution (Counts Two and Three), and three counts of possession of criminal tools (Counts Four, Five, and Six). After a jury trial in March 2013, he was convicted of all charges. The trial court sentenced him to eight years for engaging in a pattern of corrupt activity, 18 months for each count of promoting prostitution, and 12 months for each count of possession of criminal tools. Counts Two through Six were ordered to be served consecutively with each other, but concurrently with Count One, for an aggregate sentence of eight years in prison. Barker was ordered to pay a $15,000 fine and other costs.

{¶ 3} Barker appealed, raising claims of ineffective assistance of counsel and that his convictions were based on insufficient evidence and against the manifest weight of the evidence. We rejected his arguments and affirmed his convictions. *State v. Barker*, 2d Dist. Montgomery No. 25732, 2014-Ohio-1269. *See also State v. Barker*, 2d Dist. Montgomery No. 25722 (Decision and Final Judgment Entry, May 17, 2013) (dismissing appeal as duplicative of Case No. 25732). In September 2015, Barker sought to reopen his direct appeal, but we denied his application as untimely.

{¶ 4} On March 8, 2016, Barker filed a motion in the trial court pursuant to Crim.R. 36 and App.R. 9(E) to correct trial record. His motion asserted that the trial court had failed to (1) state its position on whether the two violations of R.C. 2907.22(A)(2) (promoting prostitution) involved "alternative means" or "multiple acts," and (2) rule on whether the playing of an audio recording precluded a detective from testifying about the content of the recording.

{¶ 5} On August 9, 2016, the trial court overruled as untimely Barker's motion to correct the record. The trial court noted that Barker's "conviction has already been

affirmed by the Court of Appeals and he chose not to appeal to the Supreme Court." The trial court stated that Barker should have sought to correct the record while his direct appeal was pending. The trial court further stated, in the alternative, that if Barker's motion were construed as a petition for post-conviction relief, the petition would be untimely, because it was filed more than 365 days after his trial transcript was filed in the court of appeals and Barker had provided no basis to excuse the untimeliness.

{¶ 6} Barker appeals from the trial court's August 9, 2016 decision.[1] He states two assignments of error:

1. Does trial record need to reflect all trial court rulings made on motions, evidence or trial court determinations of rules and statutes?

2. Can defendant have a fair opportunity of appeal or fair adjudication of other court proceedings from an inaccurate or incomplete trial record?

{¶ 7} Barker's motion relied on Crim.R. 36 and App.R. 9(E). Crim.R. 36 allows for the correction of clerical mistakes. It states, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The alleged omissions that Barker raises cannot reasonably be construed as clerical errors, and therefore Crim.R 36 is not applicable.

{¶ 8} App.R. 9(E) provides the procedure for correcting omissions from the record on appeal. *See, e.g., State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 69 (2d Dist.); *State v. Shutway*, 2d Dist. Champaign No. 2014-CA-10, 2015-Ohio-2433, ¶ 10 ("App. R. 9(E) provides for procedures to be followed to correct or modify the record if anything

---

[1] We note that Barker has other appeals pending in this court related to other motions that he filed in the trial court; we state no opinion regarding the merits of those other pending appeals.

material is omitted from the record by error or accident."). That appellate rule states:

(E) Correction or modification of the record.

If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

{¶ 9} Barker did not have a pending case in the court of appeals when he filed his motion to correct the record, nor was an appellate case pending when the trial court ruled on Barker's motion to correct the record. Although App.R. 9(E) does not explicitly state that it is applicable only when an appeal is pending, such a reading is implicit. Moreover, App.R. 1(A) specifies that the appellate rules "govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." Accordingly, we conclude App.R. 9(E) had no applicability to Barker's case in the absence of a pending appeal. Accordingly, the trial court did not err in denying Barker's motion to correct the record.

{¶ 10} Even if we were to construe Barker's motion as a petition for post-conviction relief (as the trial court did in the alternative), we agree that Barker's petition was untimely.

{¶ 11} Petitions for post-conviction relief are governed by R.C. 2953.21 through

R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(K). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410.

{¶ 12} When a direct appeal of the judgment of conviction has been taken (as in Barker's case), a petition for post-conviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely or successive petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 13} Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which

he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} Barker filed his motion to correct the record on March 8, 2016, more than two years after his trial transcripts were filed in his direct appeal. Barker does not claim that his was unavoidably prevented from discovering the facts underlying his claims, nor does he rely on a new federal or state right. Stated simply, Barker has not established that the untimeliness of his petition should be excused under R.C. 2953.23(A).

{¶ 15} Barker's assignments of error, as stated, are directed to whether the trial court's record should have included the alleged omissions. Because Barker's motion was properly rejected by the trial court on procedural grounds, we need not discuss his specific assignments of error.

{¶ 16} Barker's assignments of error are overruled, and the trial court's judgment will be affirmed.

. . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Kevin J. Barker
Hon. Barbara P. Gorman