[Cite as *State v. Barker*, 2018-Ohio-2044.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.: 27472 |
| | : | |
| v. | : | T.C. NO. 12-CR-477 |
| | : | |
| KEVIN J. BARKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 25th day of May, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW FRENCH, Atty. Reg. No. 69384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, 301 W. Third Street, Fifth Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee


JAMES SWEENEY, Atty. Reg. No. 86402, 341 S. Third Street, Suite 100, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

KEVIN J. BARKER, #679074, London Correctional Institution, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant, pro se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant, Kevin J. Barker, appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, as it relates to his "Motion to Correct Void Sentence and/or Judgment" which he originally filed on March 8, 2016. On September 30, 2016, the trial court sustained in part and overruled in part Barker's motion, finding that it had failed to properly state its reasons for imposing consecutive sentences in his underlying convictions. On February 7, 2017, the trial court issued an Amended Termination Entry in which it stated its findings for imposing consecutive sentences. Barker filed a timely notice of appeal with this Court on February 22, 2017.

{¶ 2} In June of 2012, Barker was indicted on one count of engaging in a pattern of corrupt activity, two counts of promoting prostitution, and three counts of possession of criminal tools. After a jury trial in March of 2013, Barker was convicted of all charges. The trial court sentenced Barker to an aggregate sentence of eight years in prison.

{¶ 3} Barker appealed, raising claims of ineffective assistance of counsel and that his convictions were based on insufficient evidence and against the manifest weight of the evidence. We rejected Barker's arguments and affirmed his convictions. *State v. Barker*, 2d Dist. Montgomery No. 25732, 2014–Ohio–1269 (*Barker I). See also State v. Barker*, 2d Dist. Montgomery No. 25722 (Decision and Final Judgment Entry, May 17, 2013) (dismissing appeal as duplicative of Case No. 25732). In September of 2015, Barker sought to reopen his direct appeal, but we denied his application as untimely.

{¶ 4} Also on March 8, 2016, Barker filed a motion in the trial court pursuant to Crim.R. 36 and App.R. 9(E) to correct the trial record. Barker's motion asserted that the trial court had failed to (1) state its position on whether the two violations of R.C.

2907.22(A)(2) (promoting prostitution) involved "alternative means" or "multiple acts," and (2) rule on whether the playing of an audio recording precluded a detective from testifying about the content of the recording. On August 9, 2016, the trial court overruled as untimely Barker's motion to correct the record. We subsequently affirmed the decision of the trial court in *State v. Barker*, 2d Dist. Montgomery No. 27252, 2017-Ohio-6994.

{¶ 5} As previously stated, on March 8, 2016, Barker filed a "Motion to Correct Void Sentence and/or Judgment" which the trial court sustained in part and overruled in part on September 30, 2016. A resentencing hearing was held on November 2, 2016, and an amended termination entry was filed by the trial court on November 10, 2016. Barker appealed, and we issued an opinion dismissing his appeal and finding that the trial court did not have jurisdiction to issue the amended termination entry because Barker had another appeal pending at the time. *State v. Barker*, 2d Dist. Montgomery No. 27358, December 27, 2016, Decision and Final Judgment Entry.

{¶ 6} In our opinion in CA No. 27358, we stated that once Barker's appeal was dismissed, "the trial court may re-enter the Amended Termination Entry" and "Barker may then file a new appeal from that order." Thereafter, the trial court filed a second amended termination entry on February 7, 2017, whereupon Barker filed the instant appeal.

{¶ 7} On July 26, 2017, Barker's appointed counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel states that after a review of the record of the proceedings before the trial court, he was unable to locate any arguably meritorious issues for appeal. This Court notified Barker of his counsel's submission and provided him an opportunity to file a pro se brief. Barker filed his pro se appellate brief on August 23, 2017. The State filed its responsive

brief on December 19, 2017, and Barker filed a reply brief on January 12, 2018.

## *Anders* Standard

**{¶ 8}** *Anders* outlines the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief, pro se. *Id.*

**{¶ 9}** Once the appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.*

**{¶ 10}** In the instant case, appointed counsel fully complied with the requirements of *Anders*, and Barker has filed a pro se brief in which he asserts five assignments error. *Id.* at 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶ 11}** Because they are interrelated, we will discuss assignments of error I-IV together as follows:

**{¶ 12}** "THE TRIAL COURT ERRED BY FAILING TO VACATE APPELLANT'S CONVICTIONS AND SENTENCES, AND EXCEEDED ITS JURISDICTION TO IMPOSE SENTENCES UPON THE APPELLANT, BASED ON UN-INDICTED OFFENSES,

THEREBY VIOLATING APPELLANT'S RIGHT TO INDICTMENT BY GRAND JURY, INFORMED NATURE OF CHARGES, DUE PROCESS OF LAW AND FAIR TRIAL, JURY TRIAL AND DOUBLE JEOPARDY, AS GUARANTEED BY THE 5TH, 6TH AND 14TH AMENDEMENT[S], UNITED STATES CONSTITUTION; SECTION 5, 10 AND 16, ARTICLE 1, OHIO CONSTITUTION."

{¶ 13} "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO PROVIDE JURY 'UNANIMITY' INSTRUCTIONS FOR 'MULTIPLE ACT' CASE, RESULTED IN A VIOLATION OF APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AND FAIR TRIAL, DOUBLE JEOPARDY AND JURY TRIAL, AS GUARANTEED BY THE 5TH, 6TH AND 14TH AMENDEMENT[S], UNITED STATES CONSTITUTION; SECTION 5, 10 AND 16, ARTICLE 1, OHIO CONSTITUTION, CRIM.R. 31(A) AND R.C. 2941.25(A)."

{¶ 14} "THE TRIAL COURT ERRED IN GRANTING STATE'S MOTION TO UTILIZE CO-CONSPIRATOR'S STATEMENTS, RESTRICTING DEFENDANT'S CROSS-EXAMINATION OF CO-CONSPIRATOR'S AND STATE'S KEY WITNESS DET. ST. CLAIR, RESULTED IN A VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND FAIR TRIAL, COMPULSORY PROCESS AND CONFRONTATION OF ADVERSE WITNESS, AS GUARANTEED BY THE 5TH, 6TH AND 14TH AMENDEMENT[S], UNITED STATES CONSTITUTION; SECTION 5, 10 AND 16, ARTICLE 1, OHIO CONSTITUTION."

{¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO MERGE ALLIED OFFENSES, RESULTING IN A VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS AND DOUBLE JEOPARDY, AS GUARANTEED BY THE 5TH, 6TH AND

14TH AMENDEMENT[S], UNITED STATES CONSTITUTION; SECTION 5, 10 AND 16, ARTICLE 1, OHIO CONSTITUTION."

{¶ 16} For ease of discussion, Barker's first four assignments can be categorized as follows: 1) his indictment was defective and therefore insufficient to serve as a basis for his convictions; 2) the trial court erred when it failed to properly instruct the jury; 3) the trial court erred when it granted the State's motion to utilize statements made by co-conspirators and when it limited defense counsel's cross-examination of certain witnesses; and 4) the trial court erred when it failed to merge his convictions as allied offenses.

{¶ 17} Upon review, we find res judicata applicable. The doctrine bars re-litigation of matters that either were raised in a prior appeal or could have been raised in a prior appeal. *State v. McCoy*, 2d Dist. Greene No. 04CA112, 2005–Ohio–6837, ¶ 15.  Even if Barker's first four assignments of error address new arguments that he did not raise previously, he could have raised them in his direct appeal in *Barker I*.  Therefore, any issues regarding the original indictment, the jury instructions, the admission and/or exclusion of evidence by the trial court, and the merger of allied offenses are barred by res judicata.

{¶ 18} Barker argues that res judicata does not apply in the instant case because his original termination entry was void since the trial court failed to include the requisite findings for the imposition of consecutive sentences.  However, errors in the imposition of consecutive sentences, such as the failure to make the required statutory findings, render the sentences voidable, rather than void. *State v. Bowshier*, 2d Dist. Clark No. 2015–CA–53, 2016–Ohio–1416, ¶ 16 ("the Supreme Court of Ohio 'has declined to find

sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute.' ").

{¶ 19} Here, the trial court's failure to include the requisite findings for the imposition of consecutive sentences did not render the original sentencing entry void, but merely voidable. Accordingly, res judicata still applies to all of the other aspects of the merits of Barker's convictions, including the determination of guilt and the lawful elements of the ensuing sentence. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, syllabus ¶ 3.

{¶ 20} Barker's assignments of error I-IV are without arguable merit.

{¶ 21} Barker's fifth and final assignment of error is as follows:

{¶ 22} "APPELLANT'S COUNSEL'S DEFICIENT PERFORMANCE AT TRIAL AND RE-SENTENCING HEARING RESULTED IN A VIOLATION OF APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE 6TH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 10, ARTICLE 1."

{¶ 23} In his fifth assignment, Barker contends that he received ineffective assistance during his trial when counsel failed to object to the indictment and the jury instructions given by the trial court. Barker also argues that his counsel was deficient for failing to object to witness testimony and for not properly cross-examining certain witnesses.

{¶ 24} Initially, we note that Barker could have and did raise arguments regarding his trial counsel's alleged ineffectiveness in his direct appeal. The record establishes that in *Barker I*, we considered and rejected Barker's arguments regarding his trial counsel's examination of witnesses. *Id.* at ¶¶ 22-25. Accordingly, Barker's argument is

barred by res judicata. "Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal." *State v. Lane*, 2d Dist. Greene No. 2014–CA–54, 2015-Ohio-2712, ¶ 13, citing *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013-Ohio-180, ¶ 47–48. " 'If an alleged constitutional error [such as ineffective assistance of counsel] could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding.' " *Id.*, quoting *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 9, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶ 25}** In the instant case, it is clear that Barker could have raised the issue of his counsel's ineffectiveness on direct appeal, as counsel's failure to object to the indictment, jury instructions, and witness testimony does not rely on evidence outside the record. Therefore, the argument made by Barker regarding counsel's alleged ineffectiveness at trial are barred by res judicata. *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 10.

**{¶ 26}** Barker also argues that he received ineffective assistance of counsel at his resentencing hearing on November 2, 2016. Specifically, Barker argues that his counsel "had no knowledge of trial facts, or rulings of law" and failed to object to imposition of a fine and court costs without considering his present or future ability to pay.

**{¶ 27}** In order to establish ineffective assistance of counsel, Barker must establish that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 141–142, 538 N.E.2d 373 (1989). With respect to deficiency, Barker must show that his counsel's performance "fell below an objective standard of

reasonableness." *Strickland* at 688, 104 S.Ct. 2052. With respect to prejudice, Barker must show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052.

{¶ 28} In the instant case, the trial court held the resentencing hearing for the sole purpose of stating on the record its reasons for imposing consecutive sentences. Knowledge of all the facts underlying the indictment or the specific legal rulings made at trial were not necessary for counsel's representation of Barker at the resentencing. At the resentencing hearing defense counsel stated as follows:

> Defense Counsel: *** In preparing for today's hearing I looked over – I reviewed all of the pleadings, read all of the pleadings, including the Second District Court of Appeals, post-conviction relief, all the motions that were filed.

Tr. 23. We note that this would include access to Barker's pre-sentence investigation report (PSI).

{¶ 29} Moreover, we note that Barker did not argue on direct appeal that the imposition of consecutive sentences was contrary to law or not supported by the record. Barker also did not challenge the trial court's imposition of a fine and court costs in his direct appeal. As previously stated, the trial court's sole purpose of holding the resentencing hearing was to provide its basis for imposing consecutive sentences, and res judicata applies to all of the other aspects of the merits of Barker's convictions, including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, syllabus ¶ 3. Thus, we

find that Barker did not receive ineffective assistance of counsel at his resentencing hearing.

{¶ 30} Barker's fifth assignment of error is without arguable merit.

## Conclusion

{¶ 31} Barker's appointed counsel states in the *Anders* brief that he extensively reviewed the record, including the transcript of the resentencing hearing and our prior opinions issued in this case, and he concluded that he could not make any meritorious arguments on Barker's behalf. We also note that counsel did not present any potentially meritorious assignments of error for our consideration.

{¶ 32} Pursuant to our responsibilities under *Anders,* we have conducted an independent review of the entire record. Having done so, we agree with the assessment of appointed counsel that there are no arguably meritorious issues to present on appeal.

{¶ 33} Therefore, no potential assignments of error with arguable merit having been found, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Andrew French
James Sweeney
Kevin J. Barker
Hon. Barbara P. Gorman