[Cite as *State v. Bach*, 2019-Ohio-295.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27966 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-3783 |
| | : | |
| JESSE BACH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JESSE BACH, #518-709, P.O. Box 5500, Chillicothe, OH 45601
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the April 12, 2018 Notice of Appeal of Jesse Bach. Bach appeals from the trial court's April 3, 2018 corrected judgment entry of conviction, which was issued following a remand from this Court. We hereby affirm the judgment of the trial court.

{¶ 2} In affirming Bach's conviction on direct appeal, this Court summarized the facts as follows:

On October 22, 2004, Jesse Bach was indicted for the murder of James McLearran ("Jimmy") with a firearm specification, the felonious assault of Heather Hubbs with a firearm specification, and having weapons while under disability. Beginning on August 15, 2005, the murder and felonious assault charges were tried to a jury in the Montgomery County Court of Common Pleas; the having weapons while under disability charge was tried to the court. The court convicted Bach of having weapons while under disability, but declared a mistrial regarding the other charges. A second jury trial on the murder and felonious assault charges commenced on March 20, 2006. Bach was convicted of both counts, as well as the firearm specifications. The court sentenced Bach to an aggregate term of twenty-six years to life in prison and ordered him to pay restitution in the amount of $9,700.

*State v. Bach*, 2d Dist. Montgomery No. 21582, 2007-Ohio-2130, ¶ 1 ("*Bach I*"). At the sentencing hearing, the trial court informed Bach that he would be required to serve a period of post-release control but did not address its length. In the termination entry, it

imposed post-release control of five years on the felonious assault.

{¶ 3} In *State v. Bach*, 2d Dist. Montgomery No. 27246, 2017-Ohio-7262 ("*Bach II*"), Bach appealed pro se from an order of the trial court overruling his motion to correct his sentence. *Id.* at ¶ 1. This Court remanded the matter "for resentencing to correct the imposition of post release control." *Id.* at ¶ 28. This Court determined as follows:

Bach was convicted of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. R.C. 2967.28(B)(2) provides that every prison sentence for a felony of the second degree that is not a felony sex offense shall include a mandatory three-year period of post release control. Thus, the trial court incorrectly ruled that Bach would be subject to a five-year period of post-release control rather than the proper period of three years. This constitutes prejudicial error. *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, ¶ 16. The State concedes this error.

Bach appears to argue that this error renders the entire sentence void. However, this court has stated that "only the defective aspect of the sentence—the improper, or incomplete, imposition of post-release control— is void. The remainder of the sentence is valid, and has res judicata effect [and the] re-sentencing hearing [is] limited to correcting the imposition of post-release control." *State v. Reid*, 2d Dist. Montgomery No. 24841, 2012-Ohio-2666, ¶ 9.

*Bach II* at ¶ 12-13.

{¶ 4} At Bach's September 25, 2017 re-sentencing hearing, the following

exchange occurred:

THE COURT: * * * Mr. Cox was here, but he had to be in another court, he asked Mr. Combs to stand in his stead; do you have any problem with Mr. Combs - -

THE DEFENDANT: No, sir.

THE COURT: - - standing in place of Mr. Cox?

THE DEFENDANT: No, sir.   That's cool.

THE COURT: * * * Sir, we're here in case number 2004-CR-3783, pursuant to the decision of the Second District Court of Appeals, which found that the portion of the defendant's sentence dealing with post-release control had not been properly communicated to the defendant at the time of sentencing by the trial court.

The Court of Appeals found that all of the remaining aspects of Mr. Bach's sentence are still valid accordingly.   This appearance is limited based on the Court of Appeal['s] decision to correctly reciting post-release control in this case.   Again, all other aspects of Mr. Bach's sentence remain as previously imposed, and have been found valid by the Court of Appeals. Mr. Bach was convicted of, among other offenses, felonious assault, a felony of the second degree.   Therefore, upon completing his prison sentence, relative to that offense, Mr. Bach will be subject to a term of three years of post-release control supervision.

During this period of post-release control supervision, if he violates conditions of that supervision, the parole board will impose an additional

prison term of up to one-half of his original sentence, and on top of his original prison sentence.   Again, this is mandatory post-release control.

Furthermore, if while on post-release control supervision, Mr. Bach is convicted - - Mr. Bach is convicted of a new felony offense, in addition to being punished for that new felony the judge in the new felony case can order as an additional penalty an additional prison term of one year or whatever time remains on his post-release control supervision.

* * *

Any questions?

THE DEFENDANT: No, sir.

**{¶ 5}** The court's nunc pro tunc termination entry provided, in relevant part:

The Court advised the defendant that following the defendant's release from prison, the defendant **will** serve a period of **Three** years post-release control under the supervision of the parole board for the offense of Felonious Assault, **a felony of the second degree**.

* * *

**During this period of post-release control supervision, if he violates conditions of that supervision, the parole board may impose an additional prison term of up to <u>one-half</u> of his original prison sentence, added on top of his original prison sentence.   Furthermore, if while on post-release control supervision, Mr. Bach is convicted of a new felony offense, in addition to being punished for that new felony, the judge in the new felony case can order as additional penalty an**

**additional prison term of <u>one year</u> or whatever time remains on his post-release control supervision.   This post-release control shall be administered pursuant to R.C. 2967.28.**

Should the defendant violate any post-release control sanction or any law, the adult parole board may impose a more restrictive sanction. The parole board may increase the length of the post-release control.   The parole board could impose an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court.   If the violation of the sanction is a felony, in addition to the being prosecuted and sentenced for the new felony, the defendant may receive from the court a prison term for the violation of the post-release control itself.

{¶ 6} The court's sentence with respect to prison time and restitution was unchanged.

{¶ 7} Bach asserts three assignments of error herein.   His first assignment of error is as follows:

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN CREATING ITS OWN SENTENCE.

{¶ 8} According to Bach, "in contravention of the one-document rule, Crim.R. 32(C), R.C. § 2929.191, and *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the lower court * * * failed to provide statutorily compliant notice of post-release control under R.C. §2929.19(B) and R.C. §2967.28 at the 'limited' sentencing hearing."   Bach asserts that "the legislature did <u>not</u> give the parole board the inherent

authority to impose <u>one</u>-<u>half</u> of Appellant's prison sentence 'on top of the original prison term.' " (Emphasis sic.)   He argues that "the lower court did not likewise have the authority to resentence Appellant to correct the postrelease control sanction long after the Felonious Assault charge had been served."   Bach asserts that it "is irrelevant whether Appellant is still in prison for other offenses."

**{¶ 9}** The State responds that the trial court complied with this Court's mandate in resentencing Bach.   The State further asserts that "since Bach had not yet completed his sentence for [felonious assault], imposition of post-release control is still permitted." According to the State, based "upon the order in which the trial court addressed Bach's sentences in the Termination Entry and how the sentences were structured, it is reasonable to infer that the trial court intended for Bach to serve his sentence for murder in count one first, followed by his sentences in counts two and three."

**{¶ 10}** In reply, Bach asserts in part as follows:

Notwithstanding the absence of the statutory criteria to include that the additional punishment is <u>mandatory</u>, the legislature does not allow post release control to attach to a special felony of Murder that includes a "lifetime" of parole. * * *

Equally absurd, Appellee contend that Appellant's Termination Entry "listed each count and their respective sentences in sequential order." Being mindful of the rules of statutory construction, the Termination Entry fails to include the statutory language of the Ohio Revised Code and clearly ambiguous [sic] "to infer that the court 'intended' that the sentences be served in the order addressed in the termination entry."

(Emphasis sic.)

{¶ 11} As noted by the Supreme Court of Ohio:

A final, appealable order in a criminal case under Crim.R. 32(C) must contain four elements: (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) a time stamp from the clerk of courts. *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. Only one document can constitute a final, appealable order. *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17.

*State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, 45 N.E.3d 1003, ¶ 8. The trial court's April 3, 2018 judgment entry of conviction in Bach's case was issued nunc pro tunc and did not violate the "one document rule."

{¶ 12} As this Court noted in *Bach II*, 2d Dist. Montgomery No. 21582, 2007-Ohio-2130, "R.C. 2967.28(B)(2) provides that every prison sentence for a felony of the second degree that is not a felony sex offense shall include a mandatory three-year period of post release control." *Id.* at ¶ 12. Our review of the nunc pro tunc entry reflects that the trial court properly advised Bach regarding the term of post-release control for the felonious assault offense, and it included a statement consistent with the authority of the parole board that if Bach violates the conditions of his supervision, the parole board may impose as part of the sentence a prison term of up to one-half of the original prison term. *See* R.C. 2929.19(B)(2)(e); R.C. 2929.191(B)(1); and R.C. 2967.28(D)(1).

{¶ 13} Regarding Bach's assertion that he had already served his sentence for

felonious assault, as this Court recently noted:

> Once a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph three of the syllabus. *See also Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, overruled on other grounds by *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. This is true even if the defendant remains incarcerated on other charges. *Holdcroft* at ¶ 18.
>
> Additionally, we have noted a general absence of authority regarding the order in which a defendant serves his or her sentences when consecutive sentences are imposed on multiple counts. *State v. Powell,* 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, citing *State v. Ford,* 2d Dist. Montgomery No. 25796, 2014-Ohio-1859. In the absence of other guidance, we found it was reasonable to look to the order that the trial court addressed the charges and infer that the court intended that the sentences be served in the order addressed in the termination entry. *Powell* at ¶ 28. We further noted that the Eighth District has determined that, when the trial court fails to specify the order that sentences should be served, the appellate court should construe the ambiguity in the termination entry in the defendant's favor. *State v. Cvijetinovic,* 8th Dist. Cuyahoga No. 99316,

2013-Ohio-5121. Thus, we concluded in *Ford* that the defendant would benefit from a finding that he had completed his aggravated robbery sentence (for which post-release control would be a mandatory five-year term) rather than his sentence for having a weapon while under disability (for which post-release control was discretionary for three years). *Ford* at ¶ 21. Therefore, we reversed in part the trial court's judgment and remanded for the trial court to vacate post-release control for Ford's aggravated robbery conviction.

*State v. Henley*, 2d Dist. Montgomery No. 27326, 2017-Ohio-5828, ¶ 9-10.

{¶ 14} There is no ambiguity in the nunc pro tunc entry in this case. Bach was originally sentenced in April 2006, and he had served approximately eleven and a half years of his prison sentence on Count 1 when he was resentenced. In other words, Bach had not yet served his sentence for felonious assault, as he asserts. For the foregoing reasons, Bach's first assignment of error is overruled.

{¶ 15} Bach's second assignment of error is as follows:

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IMPOSING FINANCIAL SANCTIONS.

{¶ 16} According to Bach, "the governing language of the legislature to impose financial sanctions is silent on the record." Bach argues that "the record remains silent of the lower court's duty to consider [his] 'present and future ability to pay financial sanctions.' The record must affirmatively reflect the court's consideration of this question in the case sub judice." Bach argues that "the financial sanctions should be vacated in the interests of justice." (Emphasis sic.)

{¶ 17} As noted by this Court in *Bach II*, the portions of Bach's sentence unrelated to post-release control, including the imposition of financial sanctions, were valid and had res judicata effect. *Id.* at ¶ 13. In *Bach II*, this Court further noted that "[r]egardless of whether the trial court properly considered his ability to pay, Bach [was] barred from raising this issue as it could have been asserted on direct appeal. *State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584, ¶ 25." *Bach II* at ¶ 21. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating * * * any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Accordingly, Bach's second assignment of error is overruled.

{¶ 18} Bach's third assignment of error is as follows:

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 19} Bach asserts that the "transcripts are unambiguous that not only did court-appointed counsel, Gardner J. Combs, 'stand in place' of prior counsel, his only communication in the entire hearing was 'no, I think that's it.' " He asserts that "substitute counsel did not address the rudimentary provisions of felony sentencing. * * * Counsel's mere presence without participation is <u>not</u> effective assistance of counsel." (Emphasis sic.)

{¶ 20} The State responds that "counsel's representation was not deficient, nor has Bach demonstrated prejudice, because the re-sentencing hearing was very limited in

scope." According to the State, "because the only purpose of the re-sentencing hearing was to allow the trial court to advise [Bach] of the proper term of post-release control, there was nothing his counsel could have said or done at the hearing other than ensure that the trial court's advisement about post-release control was correct – which it was." The State asserts that "because the substance of Bach's sentence was not at issue at the hearing and remained unaffected by the trial court's recitation of the terms of post-release control, there were no 'provisions of felony sentencing' that needed addressed." Finally, the State asserts that "Bach has offered no reason to believe that the outcome of the hearing would likely have been different had his counsel done or said more."

**{¶ 21}** We agree with the State. "[L]icensed attorneys in Ohio are presumed to be competent. * * *." *State v. Wood*, 2d Dist. Clark No. 2018-CA-1, 2018-Ohio-3204, ¶ 20. "In order to establish ineffective assistance of counsel, [Bach] must establish that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989)." *State v. Barker*, 2d Dist. Montgomery No. 27472, 2018-Ohio-2044, ¶ 27. "With respect to deficiency, [Bach] must show that his counsel's performance "fell below an objective standard of reasonableness." *Id.*, citing *Strickland* at 688. "With respect to prejudice, [Bach] must show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different." *Id.*, citing *Strickland* at 694.

**{¶ 22}** This Court's remand to the trial court was limited in scope, as noted above. Attorney Combs was present on behalf of Bach, and the court specifically asked Bach if he objected to Combs filling in for Attorney Cox, and Bach responded, "No sir. That's

cool." After the court imposed post-release control pursuant to this Court's specific mandate, Attorney Combs asked Bach if he had any questions, and Bach responded, "No sir." We cannot conclude that counsel's performance was deficient or prejudicial. As the State notes, Bach does not identify in his brief any action that Attorney Combs failed to take that would have altered the outcome of the hearing, which again was limited solely to the proper imposition of post-release control for felonious assault. Since ineffective assistance is not demonstrated, Bach's third assignment of error is overruled.

{¶ 23} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Jesse Bach
Hon. Michael W. Krumholtz